Tbe opinion of the Court was delivered by
Poch3<j, J.
The administratrix, who is the widow of the decedent, has taken this appeal from the judgment of the court which deducted from the homestead of one thousand dollars for the widow and minor children in necessitous circumstances, the following items :
*820 1. Amount received by her from the Jackson Benevolent Association, $152.
2. Amount received by her from St. Joseph’s Society, $105.
3. The difference between the alleged market value of five shares of the stock of the Firemen’s Insurance Company, $290, and the price which the said shares brought at auction, $165, to-wit: $125.
Opponents, appellees, pray, by way of amendment, that the claim of John Duer & Sons, for $106, be rejected, on the ground that their opposition to the account was filed too late.
Another, and a separate appeal was taken by John Wellmeyer, claiming to be a privileged creditor of the succession for $755.81, as clerk hire, who filed a petition on the 24th of January, 1831, after the homologation of the account, so far as not opposed, in order to compel the creditors recognized in the account to contribute their pro rata share towards the settlement of his claim, and whose proceeding was dismissed by the Court.
We find no error in the ruling of the District Judge, under which he charged the widow and minors’ homestead of one thousand dollars with the amounts received for them from the two benevolent societies.
Recognizing, as a correct interpretation of the Homestead Act of 1852, now Art. 3252, C. C., the doctrine that the situation of the widow and minors, as to their necessitous circumstances, must be tested by their position at the time of the death of the deceased, we find from the record that, in this case, the widow and her minor children were then entitled to those amounts, which we consider a,s property owned in their own right, within the sense and meaning of the Act, and that their claim was to receive from the succession a sum sufficient to make up one thousand dollars, when added to the property or sum thus owned by them.
We find a correct exposition and a very wise application of this doctrine in the case of the Succession of Boisblanc, decided by our immediate predecessors, and reported in 32 An. page 17, in which the previous jurisprudence on that point was fully reviewed, and this question settled in a manner perfectly satisfactory to our minds.
We cannot concur with the ruling of the District Judge in charging the administratrix with the sum of one hundred and twenty-five dollars, as the difference between the alleged or proved market value of the Firemen’s Insurance scrip, and the price which it sold for at auction.
The return of the auctioneer does not state the name of the purchaser of that, or of any other movable property of the succession. The record contains testimony which shows that the administratrix made no purchases at the sale, and we fail to discover any reason, in law or justice, *821 to hold her responsible for that sale, when the record shows that all the proceedings were regular and legal, and considering that no fraud is charged, and that she is not even alleged to have made the purchase of the scrip at the public sale. An auction sale made in conformity to law is generally the best and safest test of the value of any specified piece, of property.
We think there was also error in allowing the claim of John Duer & Sons, whose opposition was filed after the homologation of the account, so far a's not opposed. After such a decree the issue is confined to the items of the account which have been opposed, and it is then too late to ask a reopening of the account, with a view to increase the number of creditors. The publication of the legal notices, the expiration of the legal delay, and the oppositions filed, create an issue which is partially settled by such a decree, which is final as regards the list of creditors, in so far as not opposed previous to the rendition of the decree. Succession of Egana, 18 An. 283; Succession of Mouton, 23 An. 527.
In the judgment of the lower court, the proceeding instituted by John Wellmeyer was treated as an opposition and was dismissed for reasons not stated by the court.
He justly contends that Ms proceeding must not be confounded with an opposition, simply because it is engrafted into the succession, where it was allowed to linger without opposition ; and he shows that his action is directly against the creditors recognized in the account, on whom he prays for citation, and against whom he prays for judgment proportionally, so as to make up the amount of his claim.
Such being the case, there being no fund before the.Court for distribution, quoad his action, which is brought under Art. 1188, C. C., and his claim being for only $755.81, we are clearly without jurisdiction as to his matter, and hence his appeal must be dismissed.
We find no error in the judgment of the lower court amending the account in some minor details.
It is, therefore, ordered that the appeal taken herein by John Wellmeyer be dismissed at his costs.
It is further ordered that the judgment of the lower court be reversed, in so far as it allows the claim of John Duer & Sons, whose opposition is dismissed with non-suit, and in so far as it charges the administratrix with the sum of one hundred and twenty-five dollars, as difference between the value and the actual proceeds of the sale of the Firemen’s Insurance Company scrip, and that as thus amended, said judgment be affirmed, costs of appeal to be paid by the succession.
Levy, J., absent.
Rehearing refused.